W. S. R. WAKE ET AL. (BOSTON FURNITURE COMPANY) *vs.* WILLIAM E. THOMS ET AL.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 4864, provides that contracts of conditional sale shall be in writing, describing the property and the conditions of the sale, and shall be acknowledged and recorded; but that these requirements shall not apply to "household furniture," musical instruments, bicycles, or to property exempt from attachment and execution. *Held* that linoleum knowingly sold for use as a floor-covering in a drug store was an article of "household furniture," and therefore the contract of conditional sale under which it was purchased was valid, notwithstanding it was not acknowledged nor recorded.

Submitted on briefs June 6th—decided October 6th, 1905.

ACTION of replevin to recover possession of a piece of linoleum, brought to the City Court of Waterbury and thence by plaintiffs' appeal to the District Court of Waterbury and tried to the court, *Cowell, J.;* facts found and

judgment rendered for the defendants, and appeal by the plaintiffs.  *Error and judgment reversed.*

*Charles G. Root* and *James A. Peasley*, for the appellants (plaintiffs).

*William E. Thoms*, for the appellees (defendants).

HALL, J.   On the 15th of October, 1902, one E. C. Packard, who then conducted a retail drug business in Waterbury, purchased under a written contract of conditional sale, from the plaintiffs' copartnership engaged in business in Waterbury, a quantity of linoleum, to be laid upon the floor of said Packard's store.   By the terms of the written contract which was headed " Agreement For Hiring Carpets, Furniture, Etc., With the Right of Purchase," and which was signed by Packard only, and was neither acknowledged nor recorded, Packard promised among other things to pay to the plaintiffs on the 16th of October, 1902, $5 as advance rent for the use of the linoleum, and also $2 a week until the sum of $49.58 should be paid, and to retain the linoleum for his own use upon said premises, and agreed that upon default in payment of the rent the plaintiffs might enter upon the premises and take possession of the linoleum.   The plaintiffs delivered the linoleum and laid it upon the floor of Packard's store, with knowledge that it was to be used as a covering for such floor.   Packard having paid no part of said agreed sum, the plaintiffs are seeking to recover possession of the linoleum from the defendants, in whose possession it was found, the defendant Thoms claiming to have purchased it from Packard in good faith on the 29th of October, 1902.

General Statutes, § 4864, provides that the requirements that contracts of conditional sale shall be in writing, describing the property and the conditions of the sale, and be acknowledged and recorded, " shall not apply to household furniture, musical instruments, bicycles, or to property exempt from attachment and execution."   The plaintiffs

claimed in the trial court that the linoleum in question was household furniture, and that therefore the contract of conditional sale to Packard was valid, notwithstanding that it was not acknowledged nor recorded. This claim was overruled by the trial court.

The trial court says that linoleum is an article used for covering floors, like a carpet or oilcloth. That carpets and oilcloths are articles ordinarily used as floor coverings in dwellings, will not be questioned. It is a matter of common knowledge that the floor-cloth called linoleum is very generally used in certain rooms of dwelling-houses as more durable floor covering than the ordinary oilcloth. Like carpets and oilcloth, it is also designed and used for other than household use as a floor covering. In deciding whether it comes within the exception of the statute, it must be considered, in so far as the character of the article is concerned, as an ordinary oilcloth or carpet, as an article which might be expected to be sold, as this in fact was, by general dealers in household furniture, and as an article of household furniture in the ordinary understanding of that term. If it had been laid upon the floor of Packard's kitchen instead of his drug store, no one would have thought of claiming that it was not household furniture within the exception of the statute.

We infer from the record, that the trial court held that it was not within the exception of the statute, because it was knowingly sold by the plaintiffs for other than household use. But the test of its character as household furniture, within the meaning of this exception, is not the use actually made of it, as in cases under exemption statutes. The statute is not dealing with goods which are in use, but goods not in use and which are to be sold. Had it been intended to except from the operation of the statute only such furniture as, when used by the vendee in his household, could not be taken by his creditors, it would have been unnecessary to except both household furniture and property exempt from attachment.

The statute does not require the vendor of a well known article of household furniture to ascertain, before selling it,

the purpose for which it is to be used, and to determine at his peril whether it will be used in the household, and whether his contract of conditional sale must conform to the requirements of § 4864. If we construe the term "household furniture" in the exception, as not embracing an article commonly known and used as such, because sold to be used, and afterwards used, in an office or store, we practically read this term as *articles sold to be used as household furniture.* Such an interpretation cannot fairly be given to the words used in the statute. The term "household furniture," like the term "musical instruments," is intended to describe certain articles by reference to their well known character and name, while they are in the hands of a dealer or one about to sell them. It was intended by this exception to permit conditional sales of articles designed, and commonly required, for use in the household, without compliance with the requirements of § 4864, and to permit such sales to be so made without regard to what the vendor might learn or believe as to the use to be made of the articles to be sold, or of the use actually made of them after the sale.

There is error in the judgment of the trial court and it is reversed.

In this opinion the other judges concurred.